```
┌─────────────────────────────┐
│          FILED              │
│  ┌───────────────────────┐  │
│  │      APR 2 2 2008      │  │
│  └───────────────────────┘  │
│   CLERK, U.S. DISTRICT COURT │
│ SOUTHERN DISTRICT OF CALIFORNIA │
│ BY      RRvvne       DEPUTY  │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

[Magistrate Jan M. Adler]

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 07CR3405-W |
| Plaintiff, ) | 07MJ8976 |
| ) | |
| v. ) | MATERIAL WITNESS |
| ) | DEPOSITION ORDER |
| Mario Raymond Fernandez (1), ) | |
| Ernesto Flores-Blanco (2), ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

    Upon motion of material witness Alejandro Portillo-Mendoza, by
and through his counsel THOMAS G. GILMORE pursuant to Rule
30(b)(4), Federal Rules of Civil Procedure, for an order directing
the taking of the oral deposition of Alejandro Portillo-Mendoza,
a material witness, by means of videotape; and good cause for the
issuance of the order having been shown; therefore,

    IT IS HEREBY ORDERED that the deposition of Alejandro
Portillo-Mendoza be taken by means of videotape recordings, subject
to the following conditions:

    1.    Said material witness shall be deposed on *May 16*,
2008, at *10* a.m.  The deposition will be held at the U.S.

1    Attorney's office, located at 880 Front Street, San Diego,

2    California.

3      2. All parties, meaning the United States and the

4    defendants, shall attend the deposition. The arresting agency shall

5    bring the material witness to the deposition and remain present

6    during the proceeding. If the defendant is in custody, he shall be

7    brought separately to the deposition and a marshal shall remain

8    present during the entire proceeding.

9      3. The United States Attorney's Office shall provide a

10   videotape operator and arrange for a court-certified interpreter to

11   be present for the material witness, if necessary.

12      The cost of the interpreter for the material witness will be

13   borne by the United States Attorney's office.

14      4. If the defendant needs an interpreter independent of the

15   material witness interpreter (if any), defense counsel will arrange

16   for a court-certified interpreter to be present. The costs of a

17   separate interpreter for the defendant shall be paid by the court.

18      5. The United States Attorney's Office shall arrange for a

19   certified court reporter to be present. The court reporter shall

20   stenographically record the testimony and serve as a notary and

21   preside at the deposition in accordance with Rule 28(a), Fed. R.

22   Civ. P. The cost of the court reporter shall be borne by the

23   United States Attorney's Office.

24      6. The deposition shall be videotape recorded, meaning a

25   magnetic tape that records sound as well as visual images. At the

26   conclusion of the deposition on the record, the witnesses, or any

27   party, may elect to have the witness review the videotaped record

28   of the deposition to check for errors or omissions and to note any

1  changes. Any errors, omissions or changes, and the reasons for
2  making them, shall be stated in writing, signed the by the
3  witness(es) and delivered to the notary in a sealed envelope and
4  filed in the same fashion as described in Paragraph 17 below,
5  unless the parties agree on the record to a different procedure.

6      7.  The videotape operator shall select and supply all
7  equipment required to videotape and audiotape the deposition and
8  shall determine all matters of staging and technique, such as
9  number and placement of cameras and microphones, lighting, camera
10 angle, and background. The operator shall determine these matters
11 in a manner that accurately reproduces the appearance of the
12 witness and assures clear reproduction of both the witness'
13 testimony and the statements of counsel. The witness, or any party
14 to the action, may place upon the record any objection to the
15 videotape operator's handling of any of these matters. Such
16 objections shall be considered by the Court in ruling on the
17 admissibility of the video and/or audiotape record. All such
18 objections shall be deemed waived unless made promptly after the
19 objector knows, or has reasonable grounds to know, of the basis of
20 such objection.

21     8.  The deposition shall be recorded in a fair, impartial,
22 objective manner. The videotape equipment shall be focused on the
23 witness; however, the videotape operator may from time to time
24 focus upon charts, photographs, exhibits or like material being
25 shown to the witness during the deposition.

26     9.  Before examination of the witness, the Assistant United
27 States Attorney shall state on the video/audio record his/her name;
28 the date, time and place of the deposition; the name of the

1  witness(es) and the identity of the parties and the names of all
2  persons present in the deposition room.    The notary shall then
3  swear the witness on the video record.    Further, before the
4  beginning  of  the  examination  each  counsel  shall  identify
5  himself/herself and his/her respective client on the record.    If
6  more than one videotape is used, the notary shall repeat items (a),
7  (b) and ©) at the beginning of each new tape.

8      10.    The videotape operator shall not stop the video recorder
9  after the deposition commences until it concludes, except, however,
10 that any party may request a cessation for a brief recess, which
11 request will be honored unless another party objects and states the
12 basis for said objection on the record.    Each time the tape is
13 stopped or started, the operator shall announce the time on the
14 record.    If the deposition requires the use of more than one tape,
15 the end of each tape and the beginning of the next shall be
16 announced orally on the video record by the operator.

17     11.    Testimonial evidence objected to shall be recorded as if
18 the objection had been overruled and the court shall rule on the
19 objections at the appropriate time.    The party raising the
20 objection(s) shall be responsible for having a transcript prepared
21 for the court to consider.    All objections to the evidence
22 presented shall be deemed waived unless made during the deposition

23     12.    The party offering the deposition into evidence at trial
24 shall provide the Court with a transcript of the portions so
25 offered.

26     13.    Copies of all exhibits utilized during the videotaped
27 deposition shall be attached to the videotape record.

28     14.    At the conclusion of the deposition, any objection,

1  including the basis, to release of the material witness(es) from
2  custody shall be stated on the record.   If there is no objection,
3  the attorney for the material witness(es) shall immediately serve
4  all parties with a "Stipulation and Proposed Order for Release of
5  the Material Witness(es)" and submit the Order to the Clerk of
6  Court for the Judge's signature.    Prior to release from custody
7  the  attorney  for  the  Government  shall  serve  the  material
8  witness(es) with a subpoena for the trial date and a travel fund
9  advance letter.

10      15.  Upon request by either party, the videotape operator
11  shall provide a copy of the videotaped deposition to the requesting
12  party  at  the  requesting  party's  expense.    After  preparing  the
13  requested copies, if any, the videotape operator shall deliver the
14  original videotape to the notary along with a certificate signed by
15  the videotape operator attesting that the videotape is an accurate
16  and complete record of the recorded deposition.

17      16.  The notary shall file the original videotape, along with
18  any exhibits offered during the deposition, with the Court in a
19  sealed envelope marked with the caption of the case, the name of
20  the witness and the date of the deposition.   To that envelope, the
21  videotape operator shall attach a sworn statement that the notary
22  shall attach the sworn statement that the videotape is an accurate
23  and complete record of the recorded deposition and a certification
24  that the witness was duly sworn by the officer.

25      17.  Unless waived by the parties, the notary must give prompt
26  notice to all parties of the filing of the video record of the
27  deposition with the Court pursuant to Fed.R.Civ.P. 30(f)(3).

28      18.  If any party objects on the record to the release of the

1  material witness(es) from custody, the objecting party must request

2  in writing a hearing on the issue before the federal judge who is

3  assigned the case or to such other district judge or magistrate

4  judge as they designate.  <u>Notice of the Request for Hearing must be</u>

5  <u>served on all parties and filed with the Clerk of Court within</u>

6  <u>twenty-four (24) hours after the completion of the deposition, with</u>

7  <u>a courtesy copy to chambers.</u>  The Court will set a briefing

8  schedule, if appropriate, and a date and time for the objection to

9  be heard as soon as reasonably practicable.  At the hearing, t he

10  objecting party must establish to the Court's satisfaction an

11  appropriate legal basis for the material witness(es) to remain in

12  custody.  If, after the hearing, the Court orders the release of

13  the material witness(es), the material witness(es)' attorney shall

14  immediately present the release order to the Court for signature an

15  filing.  Before release of the material witness(es) from custody,

16  the Government shall serve the material witness(es) with a subpoena

17  for the trial date and a travel fund advance letter.

18       IT IS SO ORDERED.

19       DONE at San Diego, California this _____ day of _____ ,

20  2008.

21

22  Jan M. Adler
    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28