KAREN P. HEWITT
United States Attorney
DAVID D. LESHNER
Assistant U.S. Attorney
California State Bar No. 207815
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7163
David.Leshner@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 07-CR-3405-W |
|---|---|
| Plaintiff, | ) DATE: August 19, 2008 <br> ) TIME: 9:00 a.m. |
| v. | ) |
| MARIO RAYMOND FERNANDEZ (1), | ) **UNITED STATES' NOTICE OF MOTION** <br> ) **AND MOTION FOR PRETRIAL HEARING** |
| ERNESTO FLORES-BLANCO (2), | ) **RE TESTIMONY OF DEFENDANT MARIO** <br> ) **RAYMOND FERNANDEZ** |
| Defendants. | ) |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and hereby moves for a pretrial hearing regarding defendant Ernesto Flores-Blanco's anticipated effort to call defendant Mario Raymond Fernandez as a witness at trial. Said motion is based upon the files and records of this case together with the attached memorandum of points and authorities.

///
///
///
///
///
///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## STATEMENT OF THE CASE

Defendants Mario Raymond Fernandez and Ernesto Flores-Blanco are charged by way of a Superseding Indictment with (1) Conspiracy to Bring In Illegal Aliens; (2) Bringing In Illegal Aliens For Financial Gain and Aiding and Abetting; and (3) Inducing and Encouraging Illegal Aliens to Enter the United States and Aiding and Abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(i); (a)(1)(A)(iv); (a)(2)(B)(ii); and 18 U.S.C. § 2.

On June 18, 2008, defendant Fernandez pled guilty to Count Three of the Superseding Indictment. The Government has not yet moved to dismiss Counts One and Two. Fernandez's sentencing is set for September 15, 2008.

On August 11, 2008, Government counsel learned that counsel for defendant Flores has requested that defendant Fernandez be brought to court on the morning of trial. Counsel for defendant Flores has not notified Government counsel of her intent to call defendant Fernandez as a witness at trial; however, there would appear to be no other reason to have defendant Fernandez brought to court.

## II

## ARGUMENT

The Government requests that the Court hold a hearing outside the presence of the jury to determine: (1) whether defendant Flores intends to call defendant Fernandez as a witness and (2) if so, whether defendant Fernandez will invoke his Fifth Amendment privilege against self-incrimination.

It is undisputed that defendant Flores has the right to call witnesses on his behalf. However, "[a]n accused's right to compulsory process to secure the attendance of a witness does not include the right to compel the witness to waive his fifth amendment privilege." United States v. Moore, 682 F.2d 853, 856 (9th Cir. 1982). "A convicted but unsentenced defendant retains his Fifth Amendment rights." United States v. Paris, 827 F.2d 395,399 (9th Cir. 1987) (district court properly allowed co-defendant to assert privilege where co-defendant had pled guilty to substantive drug charge but had not been sentenced and Government had not yet dismissed conspiracy charge). See also Mitchell v. United States, 526 U.S. 314 (1999). Similarly, the privilege against self-incrimination applies where a

defendant has pled guilty to one count of a multi-count indictment. <u>United States v. Valencia</u>, 656 F.2d 412, 416 (9th Cir. 1981) (district court properly allowed co-defendant to invoke privilege where his testimony "could have had an effect on his sentencing" and district court had not dismissed remaining counts against co-defendant).

Fifth Amendment issues should be resolved outside the presence of the jury. <u>United States v. Schaflander</u>, 719 F.2d 1024, 1025-26 (9th Cir. 1984). Moreover, a party may not call a witness for the purpose of compelling the witness to invoke his Fifth Amendment rights in front of the jury. <u>United States v. Licavoli</u>, 604 F.2d 613, 624 (9th Cir. 1979). Accordingly, the Court should address outside the presence of the jury any Fifth Amendment issues raised by defendant Flores's apparent intent to call defendant Fernandez as a witness.

### III

### **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court hold a hearing outside the presence of the jury regarding any trial testimony by defendant Fernandez.

DATED: August 13, 2008.                    Respectfully submitted,

                                              Karen P. Hewitt
                                              United States Attorney

                                              <u>s/ David D. Leshner</u>
                                              DAVID D. LESHNER
                                              Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MARIO RAYMOND FERNANDEZ (1),<br><br>ERNESTO FLORES-BLANCO (2),<br><br>  Defendants. | Case No. 07-CR-3405-W<br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' NOTICE OF MOTION AND MOTION FOR PRETRIAL HEARING RE TESTIMONY OF DEFENDANT MARIO RAYMOND FERNANDEZ** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Sylvia Baiz, Esq.

Candis Mitchell, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 13, 2008.


  /s/ David D. Leshner
  DAVID D. LESHNER