**SYLVIA BAIZ**
California State Bar No. 124367
The Granger Building
964 Fifth Avenue, Suite 214
San Diego, California 92101
Telephone: (619) 544-1410
Facsimile: (619) 544-1473

Attorney for Defendant **Flores-Blanco**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HON. THOMAS J. WHELAN**)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 07-CR-3405-W |
| Plaintiff, ) | Trial Date: August 19, 2008 |
| ) | Time: 9:00 a.m. |
| v. ) | |
| ) | **RESPONSE TO GOVERNMENT'S** |
| **ERNESTO FLORES-BLANCO,** ) | **REQUEST FOR A HEARING OUTSIDE** |
| ) | **PRESENCE OF JURY; AND** |
| Defendant. ) | **MOTION TO GRANT IMMUNITY** |
| ) | **TO CO-DEFENDANT FERNANDEZ** |

**I.**

**STATEMENT OF FACTS**

According to government reports, on December 9, 2007 agents began surveillance in the neighborhood directly north of the U. S. Mexico border at about 5:00 p.m. At various times, one agent, Sedano, observed Mr. Flores being present or walking around the neighborhood. Mr. Flores lives at 806 Second Street, Calexico, California which is about 60 feet from the U.S./Mexico border and in the area where agents indicated they were conducting their surveillance. Agent reports say that agent Sedano saw Mr. Flores motion with his hands toward the border and say "I'm here" in Spanish. Reports indicate then that Mr. Flores saw agent Sedano and was startled and told someone on his cell phone that someone was there; then walked away. On that evening Mr. Flores was out in the neighborhood for various reasons, among which was the fact that he was putting out the trash for one of the neighbors who was out of town.

Mr. Flores was later arrested two and a half blocks and around the corner from where

the material witness was arrested. The material witness who was arrested that night indicated that a friend of his made arrangements to smuggle him into the United States.  He climbed over the U.S./Mexico border fence and ran toward a person (whom he saw only as a shadow) who was supposed to help him hide.  The material witness was then found hiding in some bushes and was arrested by a border patrol agent.

Mario Raymond Fernandez, the only co-defendant in the instant case, has already plead guilty to a violation of §1324, encouraging an undocumented person to come to the United States.  He is scheduled to be sentenced on September 15, 2008, less than one month from now.

**A.  Procedure for Invoking the Fifth Amendment.**

A defendant's Sixth Amendment compulsory process right may be limited by a witness' *proper* invocation of a Fifth Amendment privilege against self-incrimination (Untied States v. Gay, 567 F.2d 916, 919 (9th Cir.), cert. denied, 435 U.S. 999 (1978)), such a limitation on a defendants' Sixth Amendment right must be proceeded by a hearing wherein the witness demonstrates that he or she has a justifiable Fifth Amendment claim and that the privilege would preclude any and all proposed questions.  In fact, the law of the Ninth Circuit is, "a generalized assertion of a Fifth Amendment right not to testify is not appropriate.  A particularized inquiry of the witness is required."  "Such a determination must be made by the court, not the witness or the witness' attorney." Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814 (1951).  see also, Gaskins v. McKellar, 916 F.2d 941, 950 (4th Cir. 1990) (trial court must make a proper and particularized inquiry into the legitimacy and scope of the witness' assertion of the privilege).  To determine whether the privilege is being asserted in good faith and for legitimate reasons, the trial court must conduct a particularized inquiry. United States v. Pierce, 561 F.2d 735 (9th Cir. 1977), cert. denied. 435 U.S. 923 (1978);

**B. Co-defendant Fernandez May Testify on Non-Collateral Issues while Asserting The Fifth On Collateral Issues.**

A witness can testify regarding material (non-collateral) critical issues and assert a Fifth Amendment privilege to questions regarding collateral issues.  United States v.

1  Cardillo, 316 F.2d 606, 611 (2d Cir. 1963), cert. denied, 375 U.S. 822.   Because the
2  defendant has a right to call witnesses under the Sixth Amendment Compulsory Process
3  clause, a witness for the defense should only be precluded from calling the witness if the
4  witness refuses to answer questions on non-collateral issues.  Denham, 954 F.2d at 1504,
5  citing, United States v. Esparsen, 930 F.2d 1461, 1469-70 (10th Cir. 1991); United States v.
6  Doddington, 822 F.2d 818, 822 (8th Cir. 1987); and United States v. Frank, 520 F.2d 1287,
7  1292 (2d Cir. 1975).

8        The co-defendant Fernandez's concerns are probably with regard to his prior criminal
9  history and whether he could be charged with a conspiracy instead of just being sentenced to
10 the "encouraging" offense that he plead guilty to.  Even if co-defendant Fernandez refused to
11 answer questions regarding his prior record or with whom he had been speaking with in
12 Mexico, the encourage the undocumented person to come to the United States, these are
13 collateral to the issue which Mr. Flores wants to question him about.  That it is, whether he
14 was working with Mr. Flores on the night of their arrests to encourage that undocumented
15 person to come the United States.   Therefore, co-defendant's  assertion of the Fifth would
16 not impair the truth-seeking function of the court.  Denham, 954 F.2d at 1504.  In such a
17 case, the defendant's right to call witnesses obviously militates in favor of allowing the
18 testimony subject to an instruction regarding the witnesses' invocation of the Fifth.  See,
19 United States v. Arias-Villanueva, 998 F.2d 12491, 1504 (9th Cir. 1993).

20       **C.    The Court Should Grant Immunity To Co-defendant Fernandez..**

21       Under the Ninth Circuit law, a defendant can request immunity for a critical witness
22 when the facts would be grossly distorted if the witnesses were not able to testify.  United
23 States v. Westerdahl, 945 F.2d 1083 (9th Cir. 1991); see also United States v. Young, 83
24 F.3d 944, 948 (9th Cir. 1996); United States v. Lord, 711 F.2d 887 (9th Cir. 1983); United
25 States v. Patterson, 819 F.2d 1495 (9th Cir. 1987).

26       In Westerdahl this Court recognized that under certain circumstances the defendant is
27 entitled to compel immunity for a witness.  The Westerdahl Court announced a two prong
28

3

rule: the defendant need show only that 1) the testimony is relevant and 2) that the fact-finding process would be distorted by denying the immunity.

In <u>Westerdahl</u>, the defendant was charged with the commission of a bank robbery. The only evidence against Westerdahl was submitted through two immunized witnesses and one witness who testified as part of a plea bargain. The defense proffered the testimony of a witness who said that the defendant did not commit the bank robbery. However, the government refused to grant this witness immunity and the trial court refused to compel immunity. Upon review, the Ninth Circuit found that the testimony would "undeniably have been relevant to Westerdahl's defense." <u>Id</u>. The court made clear that the testimony need not be either "clearly exculpatory" nor "essential to the defense." The testimony need only be <u>relevant</u>. <u>Id</u>. However, in the instant case, co-defendant Fernandez' testimony would be exculpatory and essential to Mr. Flores' defense.

**D. In the alternative, Mr. Flores requests that his trial be continued until after co-defendant Fernandez's sentencing so that he may obtain the benefit of his plea agreement–that the government will dismiss all remaining counts against him, including the conspiracy charges.**

After co-defendant Fernandez is sentenced there would be no reason for him to assert his Fifth Amend rights in this case and Mr. Flores may thus be able to present his essential exculpatory testimony. In the light of the fact that the government intends to call an "expert" witness about smuggling in Calexico to structure a case around Mr. Flores, co-defendant Fernandez will bring balance to what otherwise will be a skewed presentation of "evidence" against Mr. Flores.

**III**

# **CONCLUSION**

For the foregoing reasons, Mr. Flores-Blanco respectfully requests that the Court grant immunity to the co-defendant so that he may proceed with his testimony or, in the alternative continue Mr. Flores' trial until after Mr. Fernandez' sentencing hearing

Respectfully submitted,

Date: August 16, 2008

/s/ Sylvia Baiz
**SYLVIA BAIZ**
Attorney for Mr. Flores-Blanco