1 | KAREN P. HEWITT
United States Attorney
2 | DAVID D. LESHNER
Assistant U.S. Attorney
3 | California State Bar No. 207815
United States Attorney's Office
4 | 880 Front Street, Room 6293
San Diego, California 92101-8893
5 | Telephone: (619) 557-7163

6 | Attorneys for Plaintiff
United States of America

7 |

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | UNITED STATES OF AMERICA,                )   Criminal Case No. 07-CR-3405-W
                                             )
11 |                          Plaintiff,      )   DATE:        August 19, 2008
                                             )   TIME:        9:00 a.m.
12 |              v.                          )
                                             )
13 | MARIO RAYMOND FERNANDEZ (1),            )   **UNITED STATES' PROPOSED**
                                             )   **JURY INSTRUCTIONS**
14 | ERNESTO FLORES-BLANCO (2)               )
                                             )
15 |                                         )
                                             )
16 |                          Defendants.     )
    |————————————————————————————————————————)

17 |

18 |            COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

19 | Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant U.S. Attorney, and

20 | hereby files its proposed jury instructions.  The United States requests leave to offer further jury

21 | instructions as may become relevant during the course of trial.

22 |

23 |            DATED: August 18, 2008.            Respectfully submitted,

24 |                                               KAREN P. HEWITT
                                                  United States Attorney
25 |

26 |                                               s/ David D. Leshner
                                                  DAVID D. LESHNER
27 |                                               Assistant United States Attorney

28 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___1___

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.1] [Duties of Jury to Find Facts and Follow Law]

2

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___2___

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.2] [Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___3___

A defendant in a criminal case has a constitutional right not to testify.   No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that a defendant did not testify.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.3] [Defendant's Decision Not To Testify] [If defendant does not testify]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___4___

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.4] [Defendant's Decision To Testify] [If defendant testifies]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___5___

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.5] [Reasonable Doubt – Defined]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___6___

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.6] [What Is Evidence]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___7___

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.7] [What Is Not Evidence]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___8___

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.8] [Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___9___

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.9] [Credibility of Witnesses]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___10___

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to the charges against the defendant.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.10] [Evidence of Other Acts of Defendant or Acts and Statements of Others]

11

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.____11____

 

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.12] [Separate Consideration of Multiple Counts – Single Defendant]

12

COURT'S INSTRUCTION NO. ____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __12__


Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 3.20] [Jury To Be Guided By Official English Translation/Interpretation]

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___13___


    You have heard testimony that the defendant made statements. It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give to them. In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the defendant may have made them.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 4.1] [Statements by Defendant]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___14___

You have heard evidence of other acts engaged in by the defendant. You may consider that evidence only as it bears on the defendant's intent, plan, knowledge or absence of mistake or accident and for no other purpose.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 4.3] [Other Crimes, Acts or Wrongs of Defendant]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___15__


The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

[1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 231, § 13.05 (5th ed. 2000)] ["On or About" -- Explained].

16

COURT'S INSTRUCTION NO.____

GOVERNMENT'S PROPOSED INSTRUCTION NO. ___16___

The defendant is charged in Count One of the superseding with conspiring to bring aliens to the United States, in violation of Section 1324(a)(1)(A)(i) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about a date unknown, and ending on or about December 10, 2007, there was an agreement between two or more persons to commit the crime of bringing illegal aliens to the United States.

Second, the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand,

17

1    one who has no knowledge of a conspiracy, but happens to act in a way which furthers some

2    object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person

3    does not become a conspirator merely by associating with one or more persons who are

4    conspirators, nor merely by knowing that a conspiracy exists.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 8.16 [Conspiracy - Elements]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___17___

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 8.18] [Conspiracy – Knowing of and Association with Other Conspirators]

19

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO. __18___

I will now discuss with you the elements of the crime alleged in the conspiracy charged in Count 1.

The defendant is charged in Count 1 of the superseding with conspiring to bring illegal aliens to the United States, in violation of Section 1324(a)(1)(A)(i) of Title 8 of the United States Code. In order for an individual to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the individual brought a person who was an alien into the United States at a place other than a designated port of entry or at a place other than as designated by a United States immigration official;

Second, the individual knew that the person was an alien; and

Third, the individual acted with the intent to violate the United States immigration laws by assisting that person to enter the United States at a time or place other than as designated by a United States immigration official or to otherwise elude United States immigration officials.

An alien is a person who is not a natural-born or naturalized citizen of the United States.


[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 9.1] [Alien - Bringing Into United States]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO. ___19___

The defendant is charged in Count 2 of the superseding indictment with bringing aliens to the United States for the purpose of commercial advantage or private financial gain, in violation of Section 1324(a)(2)(B)(ii) of Title 8 of the United States Code and Section 2 of Title 18 of the United States Code.

A defendant may be found guilty of bringing an illegal alien to the United States for commercial advantage or private financial gain, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, bringing in an illegal alien into the United States for the purpose of commercial advantage or private financial gain was committed by someone.

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime of bringing in an illegal alien for the purpose of commercial advantage or private financial gain; and

Third, the defendant acted before the crime was completed.

In order for an individual to commit the crime of bringing in an illegal alien for commercial advantage or private financial gain, the government must prove each of the following elements beyond a reasonable doubt:

First, an individual knowingly and intentionally brought a person who was an alien into the United States for the purpose of commercial advantage or private financial gain:

Second, the individual knew or was in reckless disregard of the fact that the person was an alien who had not received prior official authorization to come to, enter, or reside in the United States;

Third, the individual acted with the intent to violate the United States immigration laws.

/ / /

21

The terms "commercial advantage" and "private financial gain" mean any economic benefit.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of bringing in an illegal alien for commercial advantage or private financial gain.

The government is not required to prove precisely which person actually committed the crime and which person aided and abetted.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit [§§ 5.1, 9.1A - Aiding and Abetting, Bringing Into United States for Commercial Advantage or Private Financial Gain ]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___20___


An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 5.6] [Knowingly – Defined].

23

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___21____

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

[1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 622, § 17.07 (5th ed.  2000)] ["Proof of Knowledge or Intent"] (modified to delete second paragraph pursuant to United States v. Rubio-Villareal, 927 F.2d 1495 (9th Cir. 1991)).]

24

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___22___

The defendant is charged in Count 3 of the indictment with Encouraging Illegal Entry, in violation of Section 1324(a)(1)(A)(iv) of Title 8 of the United States Code.  In order for the defendant to be found guilty of each charge, the Government must prove each of the following elements beyond a reasonable doubt as to each charge:

First, Alejandro Portillo-Mendoza was an alien;

Second, the defendant encouraged or induced Alejandro Portillo-Mendoza to enter the United States in violation of law; and

Third, the defendant knew or was in reckless disregard of the fact that Alejandro Portillo-Mendoza's entry into the United States would be in violation of the law.

An alien enters into the United States in violation of law if not duly admitted by an Immigration Officer.

A defendant may be found guilty of encouraging illegal entry even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of encouraging illegal entry was committed by someone.

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime of encouraging illegal entry; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

1     The evidence must show beyond a reasonable doubt that the defendant acted with the

2 knowledge and intention of helping that person commit the crime of encouraging illegal entry.

3     The government is not required to prove precisely which person actually committed the

4 crime and which person aided and abetted.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, §§ 5.1, 9.4] [Alien - Encouraging Illegal Entry and Aiding and Abetting]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___23___

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.1] [Duty to Deliberate]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___24___

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.2] [Consideration of Evidence]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO._ 25 _


Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.3] [Use of Notes]

29

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___26___


     The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendants beyond a reasonable doubt.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.4] [Jury Consideration of Punishment]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.___27___


A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.5] [Verdict Form]

COURT'S INSTRUCTION NO._____

GOVERNMENT'S PROPOSED INSTRUCTION NO.__28___


　　　If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendants, until after you have reached a unanimous verdict or have been discharged.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 7.6] [Communication with Court]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

MARIO RAYMOND FERNANDEZ (1),

ERNESTO FLORES BLANCO (2),

                Defendants.

Case No. 07-CR-3405-W

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

    I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action.  I have caused service of **UNITED STATES' PROPOSED JURY INSTRUCTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    Candis Mitchell, Esq.

    Sylvia Baiz, Esq.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on August 18, 2008.

                      s/ David D. Leshner
                      DAVID D. LESHNER