1  **SYLVIA BAIZ**
   California State Bar No. 124367
2  The Granger Building
   964 Fifth Avenue, Suite 214
3  San Diego, California  92101
   Telephone:  (619) 544-1410
4  Facsimile: (619) 544-1473

5  Attorney for Defendant **Flores-Blanco**

6

7                    UNITED STATES DISTRICT COURT

8                  SOUTHERN DISTRICT OF CALIFORNIA

9                     (**HON. THOMAS J. WHELAN**)

10

11 UNITED STATES OF AMERICA,          )  Case No. 07CR3405-W
                                      )
12           Plaintiff,               )  Date:   August 21, 2008
                                      )  Time: 9:00 a.m.
13 v.                                 )
                                      )
14 ERNESTO FLORES BLANCO,             )  **DEFENDANT'S PROPOSED**
                                      )  **JURY INSTRUCTIONS**
15                                    )
             Defendant.              )
16 _____)

17
   TO:     KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
18         DAVID LESHNER, ASSISTANT UNITED STATES ATTORNEY:

19           Defendant ERNESTO FLORES BLANCO, by and through his counsel and pursuant to

20 the Fifth and Sixth Amendments and Fed. R. Crim. P. 30, requests that the Court instruct the jury

21 on the law as set forth herein.  Mr. Flores also requests leave to offer further jury instructions as may

22 become relevant during the course of the trial.

23                                    Respectfully submitted,

24

25                                    s/ _SYLVIA BAIZ_____
   Date: August 20, 2008             **Sylvia Baiz**
26                                    Attorney for Mr. Flores

27

28

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO.  1

3

4        Mr. Flores contends that only Mario Fernandez and not Mr. Flores  was responsible for

5  bringing in Alejandro Portillo Mendoza into the United States.  And, only Mario Fernandez induced

6  or encouraged Alejandro Portillo Mendoza to come to the United States.  A third party's guilt may

7  create reasonable doubt about the defendant's guilt.  If, after considering the facts and circumstances

8  and other evidence presented in this case, you are left with a reasonable doubt regarding whether

9  Mr. Flores was involved in any of the three crimes charged.  If you have reasonable doubt that Mr.

10  Flores was not involved in any of the crimes charged on the December 10, 2007,  you must find Mr.

11  Flores not guilty on all counts.

12

13                                    <u>Authority</u>

14        <u>United States v. Vallejo</u>, 237 F.3d 1008 (9th Cir. 2001) (discussing relevance
      of third party culpability as a defense); <u>United States v. Tsinnijinnie</u>, 601 F.2d
15      1035, 1040 (9th Cir. 1979) ("A defendant is entitled to an instruction on the
      theory of his case"); <u>United States v. Gaudin</u>, 515 U.S. 506, 514 (1995)
16      ("[T]he historical and constitutionally guaranteed right of criminal defendants
      to demand that the jury decide guilt or innocence on every issue, *which*
17      *includes application of the law to the facts*.") (emphasis added); <u>United States</u>
      <u>v. Mason</u>, 902 F.2d 1434, 1440 (9th Cir. 1990) ("Expressing the theory of the
18      defense in an instruction *that precisely defines that theory* is far superior to
      reliance on the jury's ability to piece the theory together from various general
19      instructions.") (emphasis added).

20

21

22

23

24

25

26

27

28

1  DEFENDANT'S PROPOSED INSTRUCTION NO. ___2___

2  A defendant may be found guilty of bringing an undocumented alien to the United States

3  for the purpose of private financial gain in violation of Title 8, United States Code §

4  1324(a)(2)(B)(ii), even if the defendant personally did not commit the act or acts constituting the

5  crime, but aided and abetted in its commission.  To prove Mr. Flores guilty of aiding and abetting,

6  the government must prove beyond a reasonable doubt:

7  **First**, that Alejandro Portillo Mendoza was an alien;

8  **Second**, that Alejandro Portillo Mendoza was not lawfully in the United States;

9  **Third**, that the person committing the act or acts constituting the crime knew that

10  Alejandro Portillo Mendoza was an alien;

11  **Fourth**, that the person committing the act or acts constituting the crime knew that

12  Alejandro Portillo Mendoza was not lawfully in the United States;

13  **Fifth**, that the person committing the act or acts constituting the crime knowingly brought

14  Alejandro Portillo Mendoza to the United States;

15  **Sixth**, that the person committing the act or acts constituting the crime specifically

16  intended to violate the immigration laws of the United States by bringing Alejandro Portillo

17  Mendoza to the United States;

18  **Seventh**, that the person committing the act or acts constituting the crime committed the

19  offense with the purpose (i.e., the conscious desire) of gaining financially;

20  **Eighth**, that Mr. Flores knowingly and intentionally aided, counseled, commanded,

21  induced, or procured the person committing the act or acts constituting the crime to bring an

22  undocumented alien to the United States for the purpose of private financial gain in violation of

23  Title 8, United States Code § 1324(a)(2)(B)(ii), including that Mr. Flores knew and intended that

24  the person committing the act or acts constituting the crime derives a financial gain from the

25  transaction; and

26  **Ninth**, that Mr. Flores acted before the crime was completed.

27  It is not enough that Mr. Flores merely associated with the person committing the act or

28  acts constituting the crime, or unknowingly or unintentionally did things that were helpful to that

07CR3405

person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that Mr. Flores acted with the knowledge and intention of helping the person committing the act or acts constituting the crime by bringing an undocumented alien to the United States for the purpose of private financial gain in violation of Title 8, United States Code § 1324(a)(2)(B)(ii), including that Mr. Flores knew and intended that the person committing the act or acts constituting the crime would financially gain.

<u>Authority</u>

9th Cir. Crim. Jury Instr. 5.1 (2005); modified to delete language referencing more than one defendant, spell out the elements of the crime, and specify that the defendant must have known and intended that the person committing the crime would financially gain pursuant to <u>United States v. Munoz</u>, 412 F.3d 1043 (9th Cir. 2005)

07CR3405