

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA          CASE NUMBER 07CR3405-W

VS

ERNESTO FLORES-BLANCO

JURY INSTRUCTIONS

# 3.1 DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## 3.2 CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charges in the indictment. The  defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence.

The government has the burden of proving every element of each charge beyond a reasonable doubt.

## 3.3 DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that a defendant did not testify.

## 3.5 REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## 3.6 WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

## 3.7 WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, ███████ ██████████ closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 3.8 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 3.9 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## 3.12 SEPARATE CONSIDERATION OF MULTIPLE COUNTS— SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

## 3.20 JURY TO BE GUIDED BY OFFICIAL
## ENGLISH TRANSLATION/INTERPRETATION

Languages other than English have been used during this trial. The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

## 4.1 STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

## 3.10 EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to those charged against this defendant.

## 4.3 OTHER WRONGS OR ACTS OF DEFENDANT

You have heard evidence of other acts engaged in by the defendant. You may consider that evidence only as it bears on a defendant's intent, preparation, plan and knowledge and for no other purpose.

## 4.17 OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## 8.16 CONSPIRACY—ELEMENTS

The defendant is charged in Count One of the *SUPERSEDING* indictment with conspiring to bring illegal aliens into the United States in violation of Section 1324 (a)(1)(A)(i) and (v)(I) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at a date unknown, and ending on or about December 10, 2007, there was an agreement between two or more persons to commit the crime of bringing illegal aliens into the United States; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

## COURT'S INSTRUCTION

I will now discuss with you the elements of the crime alleged in the conspiracy charged in Count 1.

The defendant is charged in the Count One of the superseding indictment with conspiring to bring illegal aliens into the United States in violation of Section 1324(a)(1)(A)(i) of Title 8 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, an individual brought a person who was alien into the United States at a place other than a designated port of entry or at a place other than as designated by a United States immigration official; and

Second, that individual knew that the person was an alien and;

Third, that individual acted with the intent to violate the United States immigration laws by assisting that person to enter the United States at a time or place other than as designated by a United States immigration official or to otherwise elude United States immigration officials.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

## 8.18  CONSPIRACY - KNOWING OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

> (1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,
> (2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and
> (3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

## 5.1 AIDING AND ABETTING

A defendant may be found guilty of bringing an alien into the United States for the purpose of commercial advantage and private financial gain in violation of Section 1324(a)(2)(B)(ii) of Title 8 of the United States Code even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of bringing an alien into the United States for the purpose of commercial advantage and private financial was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime of bringing an alien into the United States for the purpose of commercial advantage and private financial; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of bringing an alien into the United States for the purpose of commercial advantage and private financial gain.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

# 9.1A

The defendant is charged in Count 2 of the *superseding* indictment with bringing an alien for the purpose of commercial advantage and private financial gain to the United States in violation of Section 1324(A)(2)(B)(ii) of Title 8 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First:      The defendant brought a person who was an alien, into the United States for the purpose of commercial advantage or private financial gain;

Second:   The defendant knew, or acted in reckless disregard the fact, that the person was an alien who had not received prior official authorization to come to, enter, or reside in the United States; and

Third:     The defendant acted with the intent to violate the immigration laws of the United States.

An alien is a person who is not a natural born or naturalized citizen of the United States. The term "private financial gain" means any economic benefit.

## 5.1 AIDING AND ABETTING

A defendant may be found guilty of encouraging illegal entry by an alien in violation of Section 1324(a)(1)(A)(iv) of Title 8 of the United States Code even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of encouraging illegal entry by an alien was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime of encouraging illegal entry by an alien; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of encouraging illegal entry by an alien.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

## COURT'S INSTRUCTION

Mr. Flores contends that ███ Mario Fernandez and others were responsible for bringing Alejandro Portillo Mendoza into the United States. A third party's guilt may create a reasonable doubt as to the defendant's guilt. If, after considering the facts and circumstances and other evidence presented in this case, you are left with a reasonable doubt regarding whether Mr. Flores was involved in any of the crimes charged, you must find Mr Flores not guilty.

## 7.1 DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## 7.2 CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

## 7.3 USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## 7.4 JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## 7.5 VERDICT FORM

Verdict forms have been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court when you are ready to return to the courtroom.

# 9.4 ALIEN—ENCOURAGING ILLEGAL ENTRY
## (8 U.S.C. § 1324(a)(1)(A)(iv))

The defendant is charged in Count 3 of the ~~indictment~~ *superseding* with encouraging illegal entry by an alien in violation of Section 1324(a)(1)(A)(iv) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Alejandro Portillo-Mendoza was an alien;

Second, the defendant encouraged or induced Alejandro Portillo-Mendoza to enter the United States in violation of law; and

Third, the defendant knew or was in reckless disregard of the fact that Alejandro Portillo-Mendoza's entry into the United States would be in violation of the law.

An alien is a person who is not a natural-born or naturalized citizen of the United States. An alien enters into the United States in violation of law if not duly admitted by an Immigration Officer.